# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES, For the Use of RAMONA EQUIPMENT RENTALS, INC., a California corporation,<br><br>                    Plaintiff,<br>vs.<br><br>CAROLINA CASUALTY INSURANCE COMPANY, a Florida corporation; CANDELARIA CORPORATION, an Arizona corporation; OTAY GROUP, INC., a California corporation; and WADE D. ROWLEY, an individual,<br><br>                    Defendant. | CASE NO. 08-CV-1685-H (MDD)<br><br>**ORDER**<br><br>**(1) DENYING MOTION TO ALTER OR AMEND JUDGMENT; &**<br><br>**(2) DENYING AS MOOT REQUEST TO CONTINUE HEARING** |

    This Miller Act action and related claims came to trial before the Court. On August 31, 2011, the Court issued a memorandum decision in favor of Plaintiff Ramona Equipment Rental Inc. and against Defendants Carolina Casualty Insurance Company, Candelaria Corporation, and Otay Group, Inc. in the amount of $178,686.56 plus prejudgment interest and any attorney's fees and costs as allowed under the law. (Doc. No. 112.) Pursuant to Defendants' request, the Court deferred the entry of judgment until the Court determined the amount of attorney's fees to be awarded to Plaintiff. (Doc. No. 122.)

///

1   On November 10, 2011, the Court entered judgment in this case in favor of Plaintiff Ramona Equipment Rental Inc. and against Defendants Carolina Casualty Insurance Company, Candelaria Corporation, and Otay Group, Inc. in the amount of $178,686.56 plus $106,516.64 as pre-judgment interest plus $114,081.28 in attorney's fees for a total sum of $399,284.48, plus costs as permitted by law. (Doc. No. 134.) On December 1, 2011, Defendants filed a motion to alter or amend judgment pursuant to Federal Rules of Civil Procedure 59(e) and 60(b). (Doc. No. 136.) On December 22, 2011, Plaintiff filed an *ex parte* application to continue the hearing on Defendant's motion to alter or amend judgment. (Doc. No. 139.) On December 22, 2011, Defendants filed their response in opposition to Plaintiff's request to continue. (Doc. No. 140.) On December 26, 2011, Plaintiff filed its response in opposition to the motion to alter or amend judgment. (Doc. No. 141.) The Court, pursuant to its discretion under the Local Civil Rule 7.1(d), determines this matter to be appropriate for resolution without oral argument, submits it on the parties' papers, and vacates the hearing set for January 9, 2012. For the following reasons, the Court denies Defendants' motion to alter or amend judgment. The Court denies as moot Plaintiff's request to continue the hearing.

**Discussion**

**I. Legal Standard**

Under Federal Rule of Civil Procedure 59(e), a party may move to have the court amend its judgment within twenty-eight days after entry of the judgment. Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011). Amending a judgment after its entry is "an extraordinary remedy which should be used sparingly." McDowell v. Calderon, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc) (per curiam). Because specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion." Id. Rule 59(e) motions may be granted for four reasons: "(1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." Allstate, 634 F.3d at 1111.

Federal Rule of Civil Procedure 60(b) permits the Court to relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

## II. Analysis

In the Memorandum Decision, the Court awarded Plaintiff the principal sum of $178,686.56 "plus simple interest at the contract rate." (See Doc. No. 112 at 26.) The parties' contract provided a service charge of 1½% per month on each delinquent account. (Id. at 6.) On November 10, 2011, the Court entered judgment in favor of Plaintiff in the amount of $178,686.56 plus $106,516.64 as pre-judgment interest plus $114,081.28 in attorney's fees for a total sum of $399,284.48, plus costs as permitted by law. (Doc. No. 134.) Defendants move to alter or amend the judgment, contending that Plaintiff was not entitled to recover interest, because Plaintiff intentionally waived its claim to the 1½% per month service charge. (Doc. No. 136-1 at 7.)

"A waiver is ordinarily an intentional relinquishment or abandonment of a known right or privilege." Johnson v. Zerbst, 304 U.S. 458, 464 (1938); see also A&M Records, Inc. v. Napster, Inc., 239 F.3d 1004, 1026 (9th Cir. 2001). The Court addressed all the challenges raised by Defendants to Plaintiff's claim for damages during the bench trial, and stated it reasoning in the twenty-six page memorandum decision. (See Doc. No. 112.) The Court noted that Defendants raised several challenges, including failure to mitigate damages, failure to give a timely Miller Act notice, failure to adequately document equipment charges, imposing unreasonable charges, and imposing service charges that constitute improper compound

interest not authorized under the Miller Act. (Id. at 6.) As to any waiver issue,[1] in its Memorandum Decision, the Court cited to "anti-waiver" provisions in the individual rental agreements, which provided that "[a]ny failure of Rental Center to insist upon strict performance by Customer as regards any provision of this Rental Agreement shall not be interpreted as a waiver of Rental Center's rights to demand strict compliance with all other provisions of this Rental Agreement against Customer, or any other person." (Doc. No. 112 at 8-9.) The Court concluded that Plaintiff was not entitled to compound interest:

> In the absence of clear language in the contracts, the court concludes that compound interest is not warranted. The agreements provide for the service charges, but do not clearly specify that the interest would be compounded. The agreements do not use the term "compound interest." Additionally, the service charges were not separately billed to Otay until June 30, 2008, well after the deficiencies began. Ramona's course of conduct does not support Ramona's claim for compound interest. Under all of the evidence, the court concluded that simple - but not compound - interest is appropriate.

(Doc. No. 112, Memorandum Decision, at 8.)

Defendants argue that Plaintiff waived its claim to the service charges because the service charges billed while Otay was on the Project were credited back to Otay. (Doc. No. 136-1 at 4.) The Court heard testimony from Defendant's expert, Charles Miller, who stated that service charges are used as a collection tool to aid in the collection and are frequently credited back:

> [I]t's a collection tool. If you – you're a week late, there is a service charge by the contract, but if you can get me a check in the mail right away, I'd be happy to credit back or waive the service charges. It's frequently done.

(R.T., Doc. No. 111 at 29:12-13; 29:19-23.) Thus, Ramona's conduct with regard to charging the service fee did not indicate an intentional relinquishment of a known right.

After reviewing the parties' arguments, Court concludes that Defendants have not met their burden to show clear legal error under Rule 59(e) or substantive error of law and fact

---

[1] In opposition, Plaintiff points out that Defendants raise the issue of waiver for the first time post-judgment. (Doc. No. 141 at 3-4.) Plaintiff argues that Defendants never asserted the waiver argument prior to this motion, and neither made this argument at trial, nor raised it as a specific defense in their answers or on a motion for summary judgment. (Id. at 4.) The Court notes that the final pretrial order did not specifically list waiver under the issues of law. (Doc. No. 70 at 11-12.)

under Rule 60(b) that would warrant altering or amending judgment in this case. Accordingly, the Court denies Defendants' motion to alter or amend judgment. The Court denies as moot Plaintiff's request to continue the hearing.

### Conclusion

For the reasons above, the Court denies Defendants' motion to alter or amend judgment. The Court denies as moot Plaintiff's request to continue the hearing.

**IT IS SO ORDERED.**

DATED: December 30, 2011

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT